FILED

MAY 2 4 2006
MAY 24 2006
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_____DIVISION

SAM J. MAGGIO
_____
(Name of the plaintiff or plaintiffs)

V.

KONICA-MINOLTA BUSINESS
SOLUTIONS INC. + CATHRYN
ALBRECT, KMBS ATTORNEY
(Name of the defendant or defendants)

)
)
)
)
)
)
)
)
)
)
)
)

**06CV2893**
**JUDGE KENNELLY**
**MAG. JUDGE LEVIN**
assignment clerk)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _SAM J. MAGGIO_____ of
   the county of _DU PAGE_____ in the state of _ILLINOIS_.

3. The defendant is _KONICA-MINOLTA BUS. SOL INC. + CATHRYN ALBRECHT_, who
   resides at (street address) _3020 WOODCREEK DR_____
   (city)_DOWNERS GROVE_(county) _ILLINOIS_ (state) _ILLINOIS_(ZIP) _60575_
   (Defendant's telephone number) (_630_) – _871-6900_____

   CATHRYN ALBRECT KMBS ATTNY IS AT
   320 W. OHIO ST. #500 COOK COUNTY, CHICAGO, ILL
   60610  312-787-4999

(Guide to Civil Cases for Litigants Without Lawyers: Page 43)

4) The plaintiff sought employment or was employed by the defendant at

(street address) _3020 WOODCREEK DR_

(city)_DOWNERSGROVE_(county) _DuPAGE_ (state) _IL_ (ZIP code) _60515_

5. The plaintiff [check one box]

(a)☐ was denied employment by the defendant.

(b)☐ was hired and is still employed by the defendant.

(c)☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)_JUNE_, (day)_1ST_, (year) _1998_

7. (a) The plaintiff [check one box] ☐ *has not* filed a charge or charges against the defendant ☒ *has*

asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☒ the United States Equal Employment Opportunity Commission on or about (month)_MAY, AUG, MAR_ (day)_11, 6, 10_ (year) _2000, 2002, 2003_

(ii) ☒ the Illinois Department of Human Rights on or about (month)_FEB, SEP, MAR_(day)_17, 2, 2_ (year) _2003, 2003, 2004_

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☒ YES ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b)☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) _MAR 1, 06_ (day)_1ST_ (year)_2006_ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☒ Disability (Americans with Disabilities Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

☐ YES     ☒ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ other (specify): _SEE ATTACHED COMPLAINTS PLUS DEFENANT CAUSED ME PTSD, SLEEP DISORDER ALMOST 9 YEARS OF SUFFERING, ALMOST 3 YEARS OF LOST WAGES AND KONICA AND CATHRYN ALBECHT (THEIR ATTORNEY) CAUSED ME A HEART ATTACK AND 5-10 YEARS OFF MY LIFE_

(Guide to Civil Cases for Litigants Without Lawyers: Page 45)

13. The facts supporting the plaintiff's claim of discrimination are as follows:

*SEE OTHER COMPLAINTS ATTACHED, ALL IGNORED BY KONICA, ALSO REFUSED TO RECKOGNIZE ANY DISABILITY*

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's religion.

(e) ☒ Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): *PAY DAMAGES FOR ABUSE, PAIN, SUFFERING, MISSED WORK, PTSD, SLEEP LOSS, LOSS OF 5-10 YEARS OF LIFE EXPECTANCY, AND OTHER REMEDIES I WOULD BE EXPECTING IF I COULD GET AN ATTORNEY*

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(Guide to Civil Cases for Litigants Without Lawyers: Page 46)

(h) ☒   Grant such other relief as the Court may find appropriate. _____ 5-24-06

(Plaintiff's signature) _____

(Plaintiff's name) _____ SAM J. MAGGIO

(Plaintiff's street address) _____ 26W405 GRAND AVE.

_____

(City) WHEATON   (State) IL   (ZIP) 60187

(Plaintiff's telephone number) (630) - 653-0126

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Samuel J. Maggio<br>26 W. 405 Grand Avenue<br>Wheaton, IL 60187 | From: | EEOC<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21BA401143** | **Nola Smith, State and Local** | **(312) 886-5973** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| ☐ | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| ☐ | While reasonable efforts were made to locate you, we were not able to do so. |
| ☐ | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| ☐ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☒ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*

Enclosure(s)

**John P. Rowe, District Director**

Feb 27, 2006

*(Date Mailed)*

cc: **Konica Minolta Business Solutions**

# CHARGE OF DISCRIMINATION

| | CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC  210A204378 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Sam J. Maggio | (630) 653-0126 |

| STREET ADDRESS CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 26w405 Grand Avenue, Wheaton, IL 60187 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Minolta Business Solution | Cat D (501 +) | (847) 577-9990 |

| STREET ADDRESS CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 3000 Tollview, Rolling Meadows, IL 60008 | 031 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 06/04/2002 | 06/04/2002 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I. I have been employed by the above named Respondent since December 1, 1997. My most recent position is that of Electronic Technician. Since on or about June 4, 2001, I have been accused of low production, given the lowest wages in my job class, I've been denied reasonable accommodation.

II. I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
AUG ≡ ∞ 2002
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *Sam J. Maggio* | |
| 8-6-02 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |
| Date          Charging Party *(Signature)* | |

EEOC FORM 5 (Rev. 07/99)

**FILE COPY**

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 210A302306 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Sam J. Maggio | (630) 653-0126 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 26w 405 Grand, Wheaton, IL 60187 | | 08/06/1946 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Minolta Business Solutions | Cat D (501 +) | (847) 577-9990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3000 Tollview, Rolling Meadows, IL 60008 | | 031 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ *(Specify)* | EARLIEST<br>09/20/2002 | LATEST<br>03/10/2003 |
| | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach ex. sheet(s)):*

I was hired at the Respondent on December 1, 1997 and work as an Electric Technicican. I have continuously asked for accommodations for my disabilities. Most recently, I requested accommodations for my disabilities on September 20, 2002 at which time I also requested to see a copy of the Respondent's Affirmative Action policy and information. I never received this information. The Respondent has denied my requests for accommodations, and I have been continuously harassed regarding my requests and my disabilities.

I believe that I have been discriminated against based on my disabilities, in violation of Title I of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| *[signature]* 3-10-03<br>Date    Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |

EEOC FORM 5 (Rev. 07/99)

**CHARGING PARTY COPY**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act statement before completing this form.

AGENCY | CHARGE NUMBER
☒ EEOC | 210A03103 (Amended)

Illinois Dept. of Human Rights and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Sam J. Maggio | (630) 653-0126 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 26w405 Grand Avenue, Wheaton, IL 60187 | | 08/06/1946 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| MINOLTA Business Systems, Inc. | Cat D (501 +) | (847) 577-9990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3000 Tollview Drive, Rolling Meadows, IL 60008 | | 031 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST | LATEST
| 05/11/2000

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

See attachments for allegations of discrimination on the basis of sex, male, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended; on the basis of age, 53 (d.o.b.: 8/6/1946), in violation of the Age Discrimination in Employment Act of 1967; and on the basis of my disabilities, and retaliation, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
OCT 23 2000
CHICAGO DISTRICT OFFICE

RECEIVED EEOC
MAY 1 1 2000
CHICAGO DISTRICT OFFICE

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT 10-17-00 |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |

Date 5-11-00
*Charging Party (Signature)*

EEOC FORM 5 (Rev. 06/99)

FILE COPY

OCT 2 3 2000

CHICAGO DISTRICT OFFICE

P..

Charges, updated 10-17-00

In the last six months I have been continually harassed my Greg Edlund, my boss at the Minolta Corp of Rolling Meadows. He has harassed me trying to force me to wear t-shirts, which I find demeaning because of my weight. He said that Brian Finan, a manager in New Jersey told me that I must wear these even though none of the storage warehouse people wear them.

Mr. Edlund has been trying to fire me by typing up bogus complaints by people I talk to occasionally. These are he says-she says stuff that can't be proved.

Mr. Edlund follows me around to see if I am going home a few minutes early. Usually he or Terry follows me into the washroom while I am cleaning up to see if perhaps he can find something to complain about.

He took away my access to my handicap parking place which was a key to the warehouse, telling me that Brian Finan also ordered this. At that time he let Bill H., a white non-disabled person keep his key. He constantly stands behind me watching me, intimidating me and trying to show his beliefs that I am slow at my job.

He waves his arms around behind me and mimics me like being disabled is funny. He smiles and laughs about this to other supervisory personnel. He often yells out so everyone can hear if I am through working on a machine. I have never seen him do this with other non-disabled people. Mr. Edlund says that he has to grade me by performance even though he knows that I am disabled and I am not being paid commission like all the others.

Mr. Edlund has denied me overtime because he says that he only wants the fastest people in to do the work. He has had other people go in on Saturdays and when I try to ask these people they say nothing leaving me to believe that he has informed them to say nothing. When I come in on Mondays, my work area will often be filthy and cluttered. Even in the last few weeks when we are not supposed to have overtime, he is letting pre-install workers come in early and leave late. He continually rushes me out of work while he lets others stay and work overtime. He continuously lets others work overtime in the afternoons and escorts me out.

In March, I took a new handicap-parking place in front and for the first 2 weeks someone put screws in my tires. Even though I have the new spot in front, management still refuses to open the door in the morning and I still have to walk in the back door. I have given management a doctor's opinion that I should only be walking 200 feet.

In April, I became ill with some kind of bronchial infection because the garage doors were always open and my doctor has ordered me to go in for tests. Mr. Edlund forgot that I had an appointment at my daughter's school even though I told him twice. He then announced a policy, which I never saw in 2.5 years that you must make up the time the same day knowing that I had another 3 appointments coming up. His policy is aimed at docking me, the only one who had any appointments, the only disabled person in the group. Mr. Edlund knows that his new policy was never enforced before and he discriminates because a number of supervisory non-disabled people spend an hour outside smoking each day while he denies me afternoon breaks. Many of these people take long lunches and one person has been out sick for about 60 days since Sep of 99.

Mr. Edlund does not give me regular assignments like he does Bill H. the other refurb man. He steers all of the refurbs to Bill H, a non-disabled person, and I end up having to do the small pre-install machines which means that I have to do a lot more lifting. He gives the larger pre-install machines to younger non-disabled people and does not give me time and opportunity to train and familiarize with them. On 5-8-00, I tried to do one of the large ones and Mr. Edlund sat behind me staring at me intimidating me. He has other workers watch me to see how long it takes to do these even though I am not supposed to be on commission.

Mr. Edlund told me that I can't use the phones in the office. I have a pronounced hearing loss by disability and have trouble hearing in the warehouse. His solution was that I should bother him, walk upstairs, and bother some other man that I don't know. I don't walk upstairs unless I have to because of my arthropaedic problems. Mr. Edlund came out with a phone use rule to limit me from calling my doctor about my disability.

Mr. Edlund informed me in April that I was supposed to get 2 days a year of personal time. I told him that I didn't know that and the other branch I was at never told me that. I told him that I was not paid

for two days last year because I had put two days down as vacation. I asked him if he could correct it and he refused. I asked him to see his boss, Bob Antczak and notify him that I would like to see him and nothing happened.

In January, Mr. Edlund informed us that we were all to get A+ computer training and Bill H. and Terry S. were to get it first. Both of these men are non-disabled. Bill H. has no interest in computer training whatsoever.

Mr. Edlund has smoked and has encouraged other people to smoke inside the warehouse even thought this is illegal. Since I have worked there, there were people smoking just about every day. When it rains out they stand inside by the door and smoke with the doors open and it blows over to me.

Mr. Edlund comes out of meetings occasionally from Bob Antczak and asks if anyone wants to go back to field and do outside service calls. He is trying to get me out of the warehouse. He has asked me if I want to learn the parts business recently.

I was given this job by higher up vice presidents of the company because it was to be an accommodation for my disability but Mr. Edlund does not want to recognize this.

On one occasion when I had little to do and I was on break, another supervisor came by and said to me: "Are you having fun sitting on your fat ass? If you're going to sit on your fat ass, why don't you go home?"

Another supervisor has denied me Saturdays overtime because I become sick when exposed to cigarette smoke and I once complained about 5 or 6 people smoking during these times. I lost 3 ¾ hours of overtime on that occasion having to go home with painful lungs and I was sick for two days.

My boss's boss, Bob Antczak has refused to see me when I have had problems on three occasions. I went to complain about the smoking and the "Fat ass" comments and he decided that I had to wait a week and have a meeting with 6 other people.

Mr. Edlund has been retaliating against me because I wrote a letter up to management about a female branch head that was harassing me while I was using a handicap-parking place.

In the last nine months, I had another manager tell me to stay out of the office, that I couldn't use the color copier even though everyone else uses it and this manager took away the A+ training that Bill H. was getting in the mornings.

When I got to the company two managers refused to give me a handicap parking place. Once I did get one the one manager refused to get me the little sign that says $100 fine.

I get continual harassment from Mr.Edlund, who often walks up to me yelling: "What are you doing? or What are you doing in the warehouse."



RECEIVED EEOC

OCT 2 3 2000

CHICAGO DISTRICT OFFICE

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

04M0108.01

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| [X] | IDHR | |
| [X] | EEOC | 2004CF2233 |

## Illinois Department of Human Rights and EEOC

| NAME *(indicate Mr., Ms., Mrs.)* SAMUEL J. MAGGIO | HOME TELEPHONE *(include area code)* 630-653-0126 |
|---|---|
| STREET ADDRESS 26W405 GRAND AVE | CITY, STATE AND ZIP CODE WHEATON, IL 60187 | DATE OF BIRTH 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(IF MORE THAN ONE, LIST BELOW)*

| NAME KONICA MINOLTA BUSINESS S | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE *(include area code)* 00 |
|---|---|---|
| STREET ADDRESS 3000 WEST TOLLVIEW | CITY, STATE AND ZIP CODE ROLLING ME, IL 00 | COUNTY 031 |

| NAME | TELEPHONE *(include area code)* |
|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON: PHYSICAL HANDICAP RETALIATION | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA) / /    LATEST (ALL) 09/08/2003 |
| | [ ] CONTINUING ACTION |

THE PARTICULARS ARE *( if additional space is needed attach extra sheet(s) )*

I.   A.   ISSUE/BASIS

HARASSMENT - JULY, 2003, THROUGH SEPTEMBER 8, 2003, BECAUSE OF MY PHYSICAL HANDICAPS, ARTHRITIS, 50% DISABLED VETERAN, CHONDROMALACIA, MULTI SHRAPNEL WOUNDS, TENDONITIS, NEUROMA

PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of the Human Rights Act.

2. Respondent had knowledge of my handicaps.

3. From July, 2003 through September 8, 2003, I have been harassed by Respondent, in that:

a. I am required to perform more work than others.

Cont'd...

*(margin, vertical text)* DEPT. OF HUMAN RIGHTS INTAKE UNIT   MAR 4   RECEIVED   BY

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY *(when necessary for State and Local Requirements)* Timothy C. Voris |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| "OFFICIAL SEAL" TIMOTHY C. VORES Notary Public, State of Illinois My Commission Expires 10-01-05 Notary Public Seal | SIGNATURE OF COMPLAINANT     DATE X *(signature)* |
| | X SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, year)* |

EEOC FORM 5 (6/00)     FEP9KIM3

Complainant Name:   SAMUEL J. MAGGIO
Charge Number:   2004CF2233
Page 2

      b. The carts that I use to help me work at eye level are taken by other employees. After numerous complaints Respondent has failed to inform the employees to leave my carts alone.

      c. I was denied use of Respondent's computers.

      d. Denied the opportunity to take A Plus and C Plus courses via the internet during normal working hours.

4.    Similarly situated non-handicapped employees are treated differently under similar circumstances.

## II.  A.   ISSUE/BASIS

HARASSMENT - JULY, 2003 THROUGH SEPTEMBER 8, 2003, IN RETALIATION FOR FILING CHARGE #2003CF2260 WITH THE DEPARTMENT OF HUMAN RIGHTS

### B.   PRIMA FACIE ALLEGATIONS

1.   On January 14, 2003, I engaged in a protected activity by filing a charge with the Department of Human Rights opposing that which I reasonably and in good faith believed to be unlawful discrimination based on my physical handicap. On September 2, 2003, I amended my charge to include the basis of retaliation. A fact finding conference on November 13, 2003.

2.   From July, 2003 through September 8, 2003, I have been harassed by Respondent, in that:

      a. I am required to perform more work than others,

      b. The carts that I use to help me work at eye level are taken by other employees. After numerous complaints Respondent has failed to inform the employees to leave my carts alone.

**Complainant Name:** SAMUEL J. MAGGIO

**Charge Number** 2004CF2233

Page 3

       c. I was denied use of Respondent's computers.

       d. Denied the opportunity to take A Plus and C Plus courses via the internet during normal working hours.

   3. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

III.   A.   ISSUE/BASIS

DENIAL OF TRAINING - JULY, 2003 THROUGH SEPTEMBER 8, 2003, BECAUSE OF MY PHYSICAL HANDICAPS, ARTHRITIS, 50% DISABLED VETERAN, CHONDROMALACIA, MULTI SHRAPNEL WOUNDS, TENDONITIS, NEUROMA

   B.   PRIMA FACIE ALLEGATIONS

   1. I am handicapped within the meaning of the Human Rights Act.

   2. Respondent had knowledge of my handicaps. I requested and was qualified to take the A Plus and M Plus internet courses.

   3. In July, 2003 and continuing through September 8, 2003, I requested to take the A Plus and C Plus courses via the internet during normal working. My request was denied by Herb Johnson, Supervisor. No reason was given by Johnson for denying me the opportunity to take the courses. Successful completion of the courses would have enabled me to receive an increase in pay by $4.00 to $5.00 an hour.

   4. Similarly situated non-handicapped employees, Ken Comia, Jim Beznard and Bill Hansen, were allowed to the internet courses during normal working hours.

Cont'd...

**Complainant Name:** SAMUEL J. MAGGIO

**Charge Number:** 2004CF2233

Page 4

IV.  A.  ISSUE/BASIS

DENIAL OF TRAINING - JULY, 2003 THROUGH SEPTEMBER 8, 2003, IN RETALIATION FOR FILING CHARGE #2003CF2260 WITH THE DEPARTMENT OF HUMAN RIGHTS

B.  PRIMA FACIE ALLEGATIONS

1. On January 14, 2003, I engaged in a protected activity by filing a charge with the Department of Human Rights opposing that which I reasonably and in good faith believed to be unlawful discrimination based on my physical handicap. On September 2, 2003, I amended my charge to include the basis of retaliation. A fact finding conference on November 13, 2003.

2. In July, 2003 and continuing through September 8, 2003, I requested to take the A Plus and M Plus courses via the internet during normal working. My request was denied by Herb Johnson, Supervisor. No reason was given by Johnson for denying me the opportunity to take the courses. Successful completion of the courses would have enabled me to receive an increase in pay by $4.00 to $5.00 an hour.

3. The adverse action followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

V.  A.  ISSUE/BASIS

DISCHARGE - SEPTEMBER 8, 2003, BECAUSE OF MY PHYSICAL HANDICAPS, ARTHRITIS, 50% DISABLED VETERAN, CHONDROMALACIA, MULTI SHRAPNEL WOUNDS, TENDONITIS, NEUROMA

B.  PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of the Human Rights Act.

Cont'd...

2.   Respondent had knowledge of my handicaps. I requested and
     was qualified to take the A Plus and M Plus internet
     courses.

3.   On September 8, 2003, I was discharged. The reason given
     by Respondent for my discharge was lack of productivity,
     in that, I did not complete three and a half machines a
     day. I believe that I was the only employee held to such
     a high standard of performance.

4.   My handicap is unrelated to my ability to perform the
     essential functions of the job I was hired to perform.

A.   ISSUE/BASIS

     DISCHARGE – SEPTEMBER 8, 2003, IN RETALIATION FOR FILING CHARGE
     #2003CF2260 WITH THE DEPARTMENT OF HUMAN RIGHTS

B.   PRIMA FACIE ALLEGATIONS

1.   On January 14, 2003, I engaged in a protected activity by
     filing a charge with the Department of Human Rights
     opposing that which I reasonably and in good faith
     believed to be unlawful discrimination based on my
     physical handicap. On September 2, 2003, I amended my
     charge to include the basis of retaliation. A fact
     finding conference on November 13, 2003.

2.   On September 8, 2003, I was discharged. The reason given
     by Respondent for my discharge was lack of productivity,
     in that, I did not complete three and a half machines a
     day. I believe that I was the only employee held to such
     a high standard of performance.

3.   The adverse action followed my protected activity within
     such a period of time as to raise an inference of
     retaliatory motivation.

Case 3:06-cv-02265 Document 1-17 Filed: 05/24/06 Page 17 of 31 PageID #:17

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.　(03CF2260.A1)

| | |
|---|---|
| [X] IDHR | |
| [X] EEOC | 2003CF2260 |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Samuel J. Maggio | (630) 653-0126 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 26W405 Grand Avenue | Wheaton, IL. 60187 | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| Minolta Business Solutions | | (847) 577-9990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3000 Tollview Drive | Rolling Meadows, IL. 60008 | Cook (031) |

| NAME | | TELEPHONE (include area code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| Handicap　Retaliation | EARLIEST (ADEA/EPA)　LATEST (ALL) / / |
| | [ ] CONTINUING ACTION |

**THE PARTICULARS ARE** (if additional space is needed attach extra sheet(s))

### AMENDMENT #1

VI.　A.　ISSUE/BASIS

FAILURE TO ACCOMMODATE, BEGINNING ON OR ABOUT MAY 20, 2003 AND CONTINUING THROUGH JUNE 10, 2003, BECAUSE OF MY PHYSICAL HANDICAP, MOBILITY IMPAIRMENT.

PRIMA FACIE ALLEGATIONS

1.　I am handicapped within the meaning of Section 1-103 (I) of the Human Rights Act.

2.　Respondent was aware of my condition.

3.　Beginning on or about May 20, 2003 and continuing through June 10, 2003, I have experienced a failure to accommodate

(Continued)

*(left margin stamp)* DEPT. OF HUMAN RIGHTS INTAKE UNIT　SEP 05 2003　RECEIVED　BY

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements) Timothy C. Voreis |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

"OFFICIAL SEAL"
TIMOTHY C. VOREIS
Notary Public, State of Illinois
My Commission Expires 10/01/05
Notary Public Seal

| SIGNATURE OF COMPLAINANT | DATE |
|---|---|
| X (signature) | 9-2-03 |
| SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year) | |

EEOC FORM 5 (6/07)

from John Lurz (non-handicapped), Respondent's Regional Manager, and from Herb Johnson (non-handicapped), Respondent's Plant Manager. Both Lurz and Johnson have denied me the necessary accommodations I need to perform my duties as an Electronics Technician. They have failed to assign me to machines without sorters, have taken away carts which I need to perform my duties, and have failed to allow me to use and access Respondent's computers.

4. Similarly situated, non-handicapped electronics technicians, such as Carlos (last name unknown), Ronnie (last name unknown), Mr. Wurster (first name unknown), and Charles Orkind, receive accommodations which they need to perform the duties of their jobs, but I do not.

5. My handicap does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

VII. A.   ISSUE/BASIS

DENIED A WAGE INCREASE, ON OR ABOUT JUNE 1, 2003, BECAUSE OF MY PHYSICAL HANDICAP, MOBILITY IMPAIRMENT.

B.   PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103 (I) of the Human Rights Act.

2. Respondent was aware of my condition.

3. On or about June 1, 2003, I was denied a wage increase.

4. Similarly situated, non-handicapped electronics technicians, such as Terry Stover, Ken Comia, Bill Hansen and others, have levels of work performances which are similar to mine, and they received wage increases.

5. My handicap does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

(Continued)

VIII.A.   ISSUE/BASIS

FAILURE TO ACCOMMODATE, BEGINNING ON OR ABOUT MAY 20, 2003 AND
CONTINUING THROUGH JUNE 10, 2003, IN RETALIATION FOR HAVING
FILED A CHARGE OF DISCRIMINATION.

B.   PRIMA FACIE ALLEGATIONS

1.   On or about February 17, 2003, I engaged in a protected
activity when I filed charge number 2003CF2260 with the
Department of Human Rights.

2.   Beginning on or about May 20, 2003 and continuing through
June 10, 2003, I have experienced a failure to accommodate
from John Lurz, Respondent's Regional Manager, and from Herb
Johnson, Respondent's Plant Manager. Both Lurz and Johnson
have denied me the necessary accommodations I need to perform
my duties as an Electronics Technician. They have failed to
assign me to machines without sorters, have taken away carts
which I need to perform my duties, and have failed to allow
me to use and access Respondent's computers.

3.   Respondent's adverse action has followed my protected
activity within such a period of time as to raise an
inference of retaliatory motivation.

IX.  A.   ISSUE/BASIS

DENIED A WAGE INCREASE, ON OR ABOUT JUNE 1, 2003, IN RETALIATION
FOR HAVING FILED A CHARGE OF DISCRIMINATION.

B.   PRIMA FACIE ALLEGATIONS

1.   On or about February 17, 2003, I engaged in a protected
activity when I filed charge number 2003CF2260 with the
Department of Human Rights.

2.   On or about June 1, 2003, I was denied a wage increase.

3.   Respondent's adverse action has followed my protected
activity within such a period of time as to raise an
inference of retaliatory motivation.

\CF/JJT/RCG

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. **03W0114.10** | [X] IDHR [X] EEOC | 2003CF2260 |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| SAMUEL J. MAGGIO | 630-653-0126 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 26W405 GRAND AVE | WHEATON, IL 60187 | 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) |
|---|---|---|
| MINOLTA BUSINESS SOLUTIONS | | 847 577-9990 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3000 TOLLVIEW DR | ROLLING ME, IL 60008 | 031 |

| NAME | TELEPHONE (include area code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| PHYSICAL HANDICAP | EARLIEST (ADEA/EPA) / /    LATEST (ALL) 12/05/2002 |
| | [ ] CONTINUING ACTION |

**THE PARTICULARS ARE** (if additional space is needed attach extra sheet(s))

I.    A.     ISSUE/BASIS

DENIED TRAINING - JULY 2002, DUE TO MY PHYSICAL HANDICAP, SHRAPNEL WOUNDS TO THE UPPER AND LOWER TORSO OF MY BODY (I AM LEGALLY CLASSIFIED AS A 50% DISABLED VETERAN)

     B.      PRIMA FACIE ALLEGATIONS

1. I am a handicapped individual with the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2. Respondent was aware of my physical handicap since the date I was hired.

3. I am performing my duties as a electronic technician in a satisfactory manner. I was hired on December 1, 1997.

Cont'd..

| | NOTARY (when necessary for State and Local Requirements) |
|---|---|
| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Timothy C. Voreis |
| I declare under penalty of perjury that the foregoing is true and correct "OFFICIAL SEAL" TIMOTHY C. VOREIS Notary Public, State of Illinois My Commission Expires 10/01/05 **Notary Public Seal** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief SIGNATURE OF COMPLAINANT     DATE X _Samuel Maggio_ 2-17-03 SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year) |

Complainant Name: **SAMUEL J. MAGGIO**
Charge Number: 2003CF2260

**Page 2**

> 4.  In late July, 2002, I have been denied computer enhancement training in my field. No reason was cited for this adverse harm.
>
> 5.  Similarly situated, non-handicapped electronic technicians, Terry Stover, Ken Comia and Bill Hanson, were all afforded computer enhancement training. Since I was not allowed to take training in computers places me in a position of being precluded from future promotions.
>
> 6.  My handicap is unrelated to my ability to perform my duties.

## II. A. ISSUE/BASIS

> HARASSMENT - AUGUST 27, 2002; SEPTEMBER 5, 2002; SEPTEMBER 11, 2002 AND AGAIN ON DECEMBER 5, 2002, DUE TO MY PHYSICAL HANDICAP, SHRAPNEL WOUNDS TO THE UPPER AND LOWER TORSO OF MY BODY (I AM LEGALLY CLASSIFIED AS A 50% DISABLED VETERAN)

### B. PRIMA FACIE ALLEGATIONS

> 1.  I am a handicapped individual with the meaning of Section 1-103 (I) of the Illinois Human Rights Act.
>
> 2.  Respondent was aware of my physical handicap since the date I was hired.
>
> 3.  On August 27, 2002 and again on September 5, 2002, I was harassed by Herb Johnson, Shop Supervisor, who was accusing me about my productivity.
>
> 4.  On September 11, 2002, I was harassed by both Herb Johnson, Shop Supervisor, and Bob Antzak, District Manager, both of them made fun my disability by telling me that I did not have a disability and that I should keep up with the non-disabled employees who are much healthier than I.

Cont'd..

Complainant Name:   SAMUEL J. MAGGIO

Charge Number       2003CF2260

Page 3

5.   On December 5, 2001, I was again harassed by both Herb Johnson, Shop Supervisor, and Ray Weimuth Shop Foreman, in that, they wanted me to work outside on the field in violation of a company agreement that precluded me from working outside on the field.

6.   Similarly situated, non-handicapped electronic technicians, Terry Stover, Ken Comia and Bill Hanson, were not harassed in this manner.

## III. A.   ISSUE/BASIS

NEGATIVE PERFORMANCE EVALUATION - SEPTEMBER 11, 2002, DUE TO MY PHYSICAL HANDICAP, SHRAPNEL WOUNDS TO THE UPPER AND LOWER TORSO OF MY BODY (I AM LEGALLY CLASSIFIED AS A 50% DISABLED VETERAN)

## B.   PRIMA FACIE ALLEGATIONS

1.   I am a handicapped individual with the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.   Respondent was aware of my physical handicap since the date I was hired.

3.   I am performing my duties as a electronic technician in a satisfactory manner. I was hired on December 1, 1997.

4.   On September 11, 2002, I was issued a negative performance evaluation. The reasons cited for negative performance evaluation by Herb Johnson, Shop Supervisor, was because I was not repairing enough machines in a day, I was not cooperating with other co-workers and I was not learning new machines on my own.

5.   Similarly situated, non-handicapped electronic technicians, Terry Stover, Ken Comia and Bill Hanson, whose performance was no better than I, but they were not issued negative performance evaluations.

Cont'd...

Complainant Name:   SAMUEL J. MAGGIO

Charge Number:   2003CF2260

Page 4

IV.   A.   ISSUE/BASIS

DENIED ANNUAL SALARY INCREASE - SEPTEMBER 11, 2002, DUE TO MY PHYSICAL HANDICAP, SHRAPNEL WOUNDS TO THE UPPER AND LOWER TORSO OF MY BODY (I AM LEGALLY CLASSIFIED AS A 50% DISABLED VETERAN)

B.   PRIMA FACIE ALLEGATIONS

1.   I am a handicapped individual with the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.   Respondent was aware of my physical handicap since the date I was hired.

3.   I am performing my duties as a electronic technician in a satisfactory manner. I was hired on December 1, 1997.

4.   On September 11, 2002, I was denied annual increase The reasons cited for the denial Herb Johnson, Shop Supervisor, was because I was not repairing enough machines in a day; I was not cooperating with other co-workers and I was not learning new machines on my own.

5.   Similarly situated, non-handicapped electronic technicians, Terry Stover, Ken Comia and Bill Hanson, whose performance was no better than I, but they were all given annual increases.

V.   A.   ISSUE/BASIS

FAILURE TO ACCOMMODATE - SEPTEMBER, 2002, DUE TO MY PHYSICAL HANDICAP, SHRAPNEL WOUNDS TO THE UPPER AND LOWER TORSO OF MY BODY (I AM LEGALLY CLASSIFIED AS A 50% DISABLED VETERAN)

B.   PRIMA FACIE ALLEGATIONS

1.   I am a handicapped individual with the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.   Respondent was aware of my physical handicap since the date I was hired.

Cont'd..

3.  I am performing my duties as a electronic technician in a satisfactory manner. I was hired on December 1, 1997.

4.  In September, 2002, I requested a reasonable accommodation in the form of Respondent providing me with a refrigerator situated on the first floor of Respondent's premises. This accommodation would have precluded me from having to use Respondent's upstairs cafeteria. No reason was cited for this for Respondent's failure to accomodate me.

5.  My request for a reasonable accommodation would not have been an undue hardship on Respondent.

6.  My handicap is unrelated to my ability to perform my duties.

;/RCG/JJT

Under Federal Government Contracts

## ~~of Discrimination in Employment~~

**U.S. Department of Labor**
Employment Standards Administration
Office of Federal Contract Compliance Programs

**Instructions:** Before completing this form, please read all instructions, including the Privacy Act statement below. Use this form to file a complaint of discrimination in employment under any of the OFCCP programs. Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

| OMB No.: 1215-0131 |
| Expires: 09-30-98 |

**Privacy Act Notice:** The Privacy Act of 1974 requires that the Department of Labor provide the following statements to each individual from whom it requests information.

(1) The authority for collecting this information is Executive Order 11246, as amended; and/or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212. The submission of this information is voluntary.

(2) This information is used to process complaints under the above Order or Acts. The information is used to conduct investigations of alleged violations of the Order or Acts enforced by OFCCP.

(3) A copy of this complaint will be provided to the employer against whom it is filed. The information collected may be verified with persons who may have knowledge pertinent to the complaint, may be used in the course of settlement negotiations with the employer, and/or in the course of presenting evidence at a hearing, or may be disclosed to other agencies with jurisdiction over the complaint.

(4) The provision of this information is voluntary, however, failure to provide the information will restrict the action which the U.S. Department of Labor can take on your behalf.

**Non-Retaliation:** OFCCP regulations require an employer to take all necessary steps to assure that there is no retaliation against any person who files a complaint or assists in its investigation. This includes any intimidation, threat, coercion or discrimination. Please notify OFCCP immediately if any alleged attempt at retaliation is made.

**Prompt Filing:** All complaints must be filed within 180 days of the latest occurrence of the alleged discrimination. Exceptions to this time frame must be fully justified and approved by the Director.

Name: ☒ Mr. ☐ Ms. ☐ Mrs. ☐ Miss **Please Print**

SAM J MAGGIO

Street Address:

26W405 GRAND

| City | State | ZIP Code |
| WHEATON, ILL | | 60187 |

Telephone No.

Area Code (630) 653-0126

**MAIL THIS FORM TO DEPT. OF LABOR OFCCP REGIONAL OFFICE:**

Name of company you allege discriminated against you:

MINOLTA BUSINESS SOLUTIONS

Street Address:

3000 TOLLVIEW

| City | State | ZIP Code |
| ROLLING MEADOWS ILL | | 60008 |

Telephone No.

Area Code (847) 577-9990

Give date(s) of the latest occurrence(s) of the alleged discriminatory act(s):

12-19-02

**Step 1:** Check the box next to the program you are filing under (i.e., Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended, or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.)

**Step 2:** Under the program, check what you believe to be the **basis** for the discrimination against you, such as race, sex or national origin. If you think that there was more than one basis, more than one basis may be checked.

☐ **Executive Order 11246,** as amended. This Order covers persons alleging discrimination because of race, color, religion, sex or national origin. I believe I was (or continue to be) discriminated against because of my:

Basis: \_\_\_ Race - Black

\_\_\_ Race - White

\_\_\_ Race - Asian/Pacific Islander

\_\_\_ Race - American Indian/Alaskan Native

\_\_\_ Sex - Male

\_\_\_ Sex - Female

\_\_\_ National Origin - Hispanic

\_\_\_ National Origin - Other

\_\_\_ Color

\_\_\_ Religion

\_\_\_ Other: _____

☐ **Section 503 of the Rehabilitation Act of 1973,** as amended. This Act covers individuals with a disability, persons with a history of physical or mental disability, and persons regarded as disabled by the employer.

Basis: \_\_\_ Disabled **NOTE:** If this is checked, your complaint also will be considered under the Americans with Disabilities Act.
Please check if you are a veteran Yes \_\_\_ No \_\_\_

☒ **Vietnam Era Veterans' Readjustment Assistance Act of 1974,** as amended, 38 U.S.C. 4212. This Act covers special disabled veterans and veterans of the Vietnam Era.

Basis: \_\_\_ Special Disabled Veteran

\_\_\_ Veteran of Vietnam Era

Form CC-4
Rev. Nov. 1995

Issue(s): Check the reason(s) you believe the employer took or failed to take **because of your race, color, religion, sex, national origin**, handicap or veteran status (more than one may be checked):

- _____ Hiring
- _____ Termination
- _____ Layoff
- _____ Recall
- __X__ Wages

- __X__ Promotion
- _____ Demotion
- _____ Seniority
- __X__ Harassment
- _____ Job Benefits

- _____ Job Assignment
- __X__ Training and Apprenticeship
- _____ Segregated Facilities
- __X__ Retaliation
- _____ Pregnancy Leave Policy

- __X__ Accommodation to Disability
- _____ Sabbath Day Observance
- __X__ Intimidation
- __X__ Other: _NO AFFIRM ACTION PFH_

## FOR EACH ISSUE, EXPLAIN IN YOUR STATEMENT BELOW HOW YOU WERE DISCRIMINATED AGAINST

1. Do you know any other employees or applicants of your group who were treated in the same way (checked above) you allege you were?

   ☐ Yes   ☒ No   If yes, include their names in your statement below and explain how they were treated.

2. Do you know any other employees or applicants who are NOT of your group who were treated in the same way (checked above) you allege you were?

   ☐ Yes   ☒ No   If yes, include their names in your statement below and explain how they were treated.

## THE COMPLAINT

Describe in detail the alleged discriminatory act(s).

PLEASE INCLUDE:

- Why you believe the act(s) was because of your disability, veteran status, race, color, religion, sex or national origin;

- Dates, places, names and titles of persons involved and witnesses, if any;

- What harm, if any, was caused to you or others with whom you work as a result of the alleged discriminatory act(s);

- What explanation, if any, was offered for the act(s) by the employer;

- Any information you may have on federal contracts held by the employer.

- If this is a complaint based on **disability**, describe the disability, your history of disability, or why you think the employer regarded you as disabled.

SEE ATTACHED

2

(Additional pages may be added to this form.  Please put your name at the top of each page.)

If you have sought assistance in resolving this complaint from another source (another agency, a lawyer, internal grievance procedure, etc.), please indicate here the name of the source, the date you sought assistance, and the result, if any:

IF YOUR COMPLAINT IS BASED ON VETERAN STATUS, CHECK THE FOLLOWING APPLICABLE BOX(ES):

☒ Am entitled to disability compensation under laws administered by the Veterans Administration for a disability rated at 30% or mo or rated at 10 or 20% and have been officially determined to have a serious employment disability. If you check this box, submit documentation from the Veterans Administration with this form.

☐ Was discharged or released from active duty for a service connected disability. If you check this box, submit the medical information resulting in your discharge or release with this form. (This information is available from your Master Military Record at the National Personnel Record Center, 9700 Page Blvd., St. Louis, MO 63132.)

☐ Served on active duty for a period of more than 180 days, any part of which occurred between August 5, 1964, and May 7, 1975, and was discharged or released therefrom with other than a Dishonorable Discharge. If you check this box, submit a copy of your Department of Defense Form DD-214 with this form.

**FRIEND OR RELATIVE:**

Please notify OFCCP if you change your address or phone number. You may indicate here a person who would know how to reach you if OFCC is unable to reach you at your own address or phone.

Name: MIKE BROWN

Relationship: NEIGHBOR

Telephone: 630.462.7306

Street: 26W Grand av.

City/State: WHEATON, ILL

ZIP Code: 60187

**FILED ELSEWHERE??**

If you have filed this complaint or a similar one elsewhere, please tell us:

Name _____

Address _____

_____

Person _____ Phone _____

**ARE YOU REPRESENTED??**

If you are represented by an attorney or other person or organization, please tell us:

Name _____

Address _____

_____

Person _____ Phone _____

**SIGNATURE AND CERTIFICATION**

I certify that the information given above is true and correct to the best of my knowledge or belief. (A willful false statement is punishable by law 18 U.S.C. 1001.) I hereby authorize the release of any medical information needed for the investigation.

Signature of Complainant

Date: 12-29-02

Do not write below this line

**Public Burden Statement**

We estimate that it will take an average of 1.28 hours to complete this complaint form, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information. If you have any comments regarding these estimates or any other aspect of this complaint form, including suggestions for reducing this burden, send them to the Office of IRM Policy (1215-0131), U.S. Department of Labor, Room N1301, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

DO NOT SEND THE COMPLETED FORM TO THIS OFFICE

The complainant has reaffirmed this complaint in my presence. This complaint is not now the basis of an investigation under Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended; and/or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.

Name of Investigator _____

Title _____

Signature of Investigator _____

Date _____

4

☆ U.S. GPO:1395-405-051/34105

Sam J. Maggio, 50% Disabled Veteran, 26W405 Grand Ave, Wheaton, Illinois 60187, 630-653-0126

Wages: For 3 years I have not got a cost of living raise. For 2 years I got a 1% raise and this year nothing. You can't get ahead without computer training. They allow technicians from Rolling Meadows branch to come in and do computer training. Others in my group get various training. I get none of any kind. I could work here another 10 years and never get another raise. The company has a long history about not telling me when overtime is available. They invite others in secretly so I won't know.

Promotion: There is no way to get promoted here. Occasionally, another boss, Bob Antczak, comes in and says that someone has to go back to the field and he always means for me. I was the last one in 3 years ago so I will be the one that they want to leave.

Harassment: I am being constantly harassed by Herb Johnson. About August 7, Herb Johnson, in a long private meeting, informed me that I don't have any disability and that I should be able to compete with workers, younger and not disabled. I was the only one selected for this productivity witch hunt. Mr. Johnson was not concerned with any one else. He told me that I have to produce more or go back to the field. In two subsequent meetings with Mr. Johnson and my group, he said that: "If I didn't like how things were that I could go back to the field. On November 14th, we had another similar meeting, closed door. At the beginning of September, he held my monthly paperwork longer than any others. He used this material to give me a bad review that was inaccurate. In October and November, Mr. Johnson took two phones out so that I could not call my VA doctors anymore to make appointments. Then Mr. Johnson stated that I could not take vacation days around the first of the month, making me give up a day off I took for my wife's birthday. A discussion with Mr. Johnson always escalates into a heated debate, sometimes into very loud debates. This stresses my PTSD condition. It causes me to lose sleep and adds to my hypertension. On December 19th, we had a meeting and Ray Weimuth said that I now have to do 4 machines a day or: "Someone will be going back to the field for outside calls." This meeting was directed at me and key words like "talking politics" were meant just for me alone. Because of the heat in the shop during the summer, we were supposed to take breaks for the heat, but none were encouraged, no place was allotted for space and no time was given. Only productivity was stressed for me.

Training and apprenticeship: There is none and no way to get ahead in this company. My former boss Ed Dzweisior was going to train me on the company computers but the sent him to another branch about April of 2002 and I will never have another way to get ahead in this company. I have not been able to get on a computer to study computer training since around July of 2000. Others in my work station and outside workers, who do similar work, are training continuously while I am kept back.

Retaliation: There was an Osha inspection around July last summer. After the Osha inspection, I got zero review that was totally inaccurate and I was taken out of all training. They are blaming me for OSHA inspection and that is illegal. Osha inspections are anonymous, they make conditions better for workers and reveal hidden, unsafe practices. The company was cited for fire safety problems including blocking a fire door from workers. After this inspection, they decided that I had to go. I have now been selected for firing. I was singled out for productivity problems. I was doing machines that took longer before and I did most of those types.

Accommodation: I have been with the company since 1997. They knew I was disabled since the beginning. I have a 50% disability from the Viet Nam war. I was diagnosed with rheumatoid arthritis in 1993 and have trouble with my extremities now. I was given my inside job on September 1, 1999 by John Lurz, Bob Anctzak, and Alan Finan for an accommodation for my disability. I was outside before. My disability stays about level as long as I don't have to do too much standing, lifting or walking. The

company knew that I was disabled for 5 years because I had a handicap placard since I was hired. I was disabled in 1968 and have gotten worse over the years. With rheumatoid arthritis I have trouble with my hands, wrists, elbows and hips. On July 15, 02, I notified Ray Wiemuth that I had injured my right leg on the job. The injury is somewhat painful but I was still trying to do everything I could. On September 20th, I notified the company in writing that I was a disabled veteran, that I injured my right leg and that I would like to see the affirmative action plan. I noted that I would like to be included in any plan for advancement. I also noted that I would like to have an elevator, a lunchroom, a refrigerator and a TV like they have upstairs. I asked not to do demo machines with large sorters, machines that took a lot of standing, and asked that I can keep my 4 wheeled carts so I can use them to do eye level work so I don't have to stand up a lot. I have only gone upstairs 2 times since July when I was forced. In October, I met with John Lurz and Bob Antczak and they asked me if I really wanted the accommodations I set forth in the Sept 20th letter. I assured them that I would like all of the things I listed. I have not heard a thing since. I have no affirmative action and no elevator. The company should also modernize the building to have handicap bathrooms, front doors, ramps and be prepared to hire more handicapped people.

Affirmative Action Plan: They ignored my request to view the AA plan. I made more inquiries about the affirmative action plan. On November 18th they showed me a bogus affirmative action plan that consisted of 2 expanded employee handbooks. They refused to make me copies because they knew that it was not legal document. The company has no affirmative action plan, no job titles, no descriptions, no job grades, no mid points of salary, no lists of whites, native Americans, hispanics, Afro-Americans, no males or females. The AA co-ordinater in our office, Kathy Brooks actually has never seen one before. I believe that the law says that this must be on hand, on display for anyone to see at the admin office during office hours. The company has only white males all the way up and down as far as I can see.

Lack of Accommodation: Certain people keep stealing my carts that I use for accommodation for my disability. No one in management cares or does anything to stop the practice.

Smoking: The company still favors people who go out and smoke for up to an hour a day. These people are not chased around for productivity and none of these people are disabled. These people get all the smoke breaks they want which is against company policy, only at lunch and regular breaks

The company wants to get rid of me because I am a little slower because of my disability. I do very careful work but they don't care. They want only fast, not so particular work. I take many pills for pain and hypertension and these make me dizzy at times. My wrists hurt a good part of the day. It is hard for me to keep up with younger non-disabled people.

My bosses at work are Ray Weimuth, shop supervisor, Herb Johnson, his supervisor, Bob Antczak, Service manager, and John Lurz the region manager. Dates, I have tried to include already. There are five other workers at our locale. They are generally quiet and know that they are not being sought out for firing.

The company ignores everything you say. They don't feel they have to comply with any laws. They absolutely know nothing about disability laws.

I have no knowledge of federal contracts but the company sells to the whole mid west Indiana and Michigan. They do business with everyone. They are a subsidy of Minolta Corporation and I know that some one has to have federal contracts.

I have a 50% disability. I was wounded with mortars twice in combat in VN. I have been diagnosed with

Rheumatoid arthritis and have trouble with all my extremities. I have dry skin, have a severe problem with smoke. I have a hyatal hernia, injured left ankle from before and an injured right leg recently.